J-A13028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETITION OF K.M.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE PENNSYLVANIA STATE POLICE | : | No. 1274 WDA 2017 |
| AND ALLEGHENY COUNTY | : | |
| DEPARTMENT OF BEHAVIORAL | : | |
| HEALTH | : | |

Appeal from the Order September 11, 2017
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. CC 254 of 2017

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2018**

K.M.C. appeals from the Order entered in the Allegheny County Orphans'

Court dismissing her Petition for Expungement challenging the sufficiency of

the evidence underlying her 1997 involuntary commitment for mental health

treatment pursuant to the Mental Health Procedures Act ("MHPA"), 50 P.S. §

7302.[1]  After careful review, we conclude that because K.M.C. waited over 20

years to challenge her involuntary commitment, the doctrine of laches applies

to bar this expungement action.  Accordingly, we affirm.

_____

[1] Appellant filed her appeal from the court's oral pronouncement of dismissal made on August 23, 2017.  The court entered its Order, however, on September 11, 2017.  Although the Notice of Appeal was filed prior to the entry of the Order from which appeal is taken, pursuant to Pa.R.A.P. 905(a)(5), a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry.  We have changed the caption accordingly.

In April 1997, when she was 15 years old, K.M.C. was involuntarily committed to a medical facility for mental health treatment pursuant to Section 302 of the MHPA. Nearly 20 years later, in March 2017, K.M.C. attempted to obtain a license to carry a firearm. The Pennsylvania State Police ("PSP") denied her application because its instant background check system referenced the April 1997 involuntary mental health commitment.[2] **See** Letter dated March 21, 2017 from PSP, annexed as Exhibit A to Complaint.

On June 17, 2017, K.M.C. filed a Petition pursuant to 18 Pa.C.S. § 6111.1(g) seeking to expunge all records of the Section 302 commitment. Naming the PSP and Allegheny County Department of Behavioral Health as Respondents, K.M.C. averred that she had never been validly and lawfully involuntarily committed. K.M.C. annexed a letter dated March 7, 2017, from the County of Allegheny that stated that it had done a thorough search and was unable to find any mental health commitment records. The PSP filed a Response to the Petition, asserting as new matter that a six-year statute of limitations barred the action.

The orphans' court held argument on the Petition on August 22, 2017. At the hearing, K.M.C. proffered the letter from Allegheny County that she had attached to her Petition, and argued that because Allegheny County was unable to find the Section 302 application submitted in 1997, the expungement should be granted. **See** N.T. Hearing, 8/22/17, at 3-4 ("We

---

[2] **See** 18 Pa.C.S. § 6105 (providing a prohibition on possession of firearms if an individual is involuntarily committed for treatment under the MHPA).

- 2 -

have no way to examine whether or not the procedural safeguards and due process mandates of the [MHPA] followed there may not have been a completed 302 involuntary admission"). Appellant admitted that she had been hospitalized, but asserted that "whenever she left the hospital, she was not informed" of the entry of the commitment in the PSP database, and "[t]here's no way she would have known about that through ordinary diligence until she attempted to even purchase a firearm or obtain a license to carry a firearm." *Id*. at 5.

The PSP argued that the six-year statute of limitations provided in 42 Pa.C.S. § 5527(b) barred the expungement action.[3] Alternatively, PSP argued that laches barred the expungement action because K.M.C. had waited over 20 years to challenge the sufficiency of the evidence supporting the commitment and "we have documents that have probably been purged per their retention schedule of the mental health facility." *Id*. at 6. K.M.C.'s counsel responded that the discovery rule applied; therefore, if a six-year statute of limitations applied, it did not begin to run until 2017 when K.M.C. learned that she could not obtain a firearms license because of the commitment.

---

[3] 42 Pa.C.S. § 5527(b) provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years."

The court orally dismissed the Petition immediately after hearing argument. K.M.C. timely appealed.

Both K.M.C. and the trial court complied with Pa.R.A.P. 1925. K.M.C. raises the following issues for our review, reordered:

1. Is the doctrine of laches not applicable without an evidentiary hearing? Before the doctrine [of] laches can be applied [ ] to bar an action for expungement, must an evidentiary hearing be held in order to determine if the facts of the case support applying the doctrine of laches?

2. Is the doctrine of laches applicable to void commitments? If a 302 commitment was void, can the doctrine of laches apply to bar an action for expungement?

3. Is evidence that a commitment occurred essential to opposing an expungement action? As a prerequisite to either the PSP or Allegheny County opposing a petition for expungement of a record of a 302 commitment, must either the PSP or Allegheny County first offer evidence to support their claim that a 302 commitment actually occurred?

4. Is the 302 application form a necessity to a 302 commitment? If the form entitled "Application For Involuntary Examination And Treatment" (MH-783) is not used in a 302 proceeding, is a 302 commitment void?

5. Does due process require the 302 application form to be entered into evidence? If the form entitled "Application For Involuntary Examination And Treatment" is not entered into evidence and available for a petitioner to examine and challenge at an expungement hearing, is a petitioner denied due process of law?

Appellant's Brief at 2-4 (formatting changed; unnecessary capitalization omitted).

We review the trial court's denial of a motion for expunction for an abuse

of its discretion   *Commonwealth v. Smerconish*, 112 A.3d 1260, 1263 (Pa.

Super. 2015) (citations omitted).

Appellant relies on 18 Pa.C.S. §6111.1(g)(2) to challenge the sufficiency

of the evidence supporting her 20-year-old Section 302 commitment.  Section

6111.1(g)(2) provides:

> (2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).[4]

18 Pa.C.S. § 6111.1(g)(2)

Our Supreme Court has held that a Section 6111.1(g)(2) expungement

petition does not garner a trial *de novo*; rather, the only evidence the court

need consider is that which supported the commitment (*i.e.*, the physician's

records) and requires deference to the physician's findings of fact.  *In re*

---

[4] 18 Pa.C.S. § 6105(c)(4) provides that a person who has been involuntarily committed to a mental institution for inpatient care and treatment under Section 302 of MHPA may not possess a firearm.  Section 6105(a)(2) mandates that such a person has 60 days in which to sell or otherwise relinquish or dispose of his or her firearms.  18 Pa.C.S. § 6105(a)(2).  As noted above, a Section 6111.1(g)(2) challenge to the sufficiency of the evidence tolls that 60-day relinquishment period.  Our legislature has not, however, provided a statute of limitations period in the MHPA for challenging the sufficiency of the evidence supporting the Section 302 commitment.

***Vencil***, 152 A.3d 235, 242 (Pa. 2017), *cert. denied*, 137 S.Ct. 2298 (2017). However, where the passage of time makes it impossible to ascertain the details of the underlying facts and procedures, the doctrine of laches may bar the requested relief. ***See***, ***e.g.***, ***In re: Petition of A.M.M.***, ___ A.3d ___, ___, No. 1275 WDA 2017 * (Pa. Super. filed Aug. 28, 2018) (concluding laches barred expungement where the appellant waited 17 years to challenge her Section 302 involuntary commitment).

Laches is an equitable remedy that "bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another." ***Sprague v. Casey***, 550 A.2d 184, 187 (Pa. 1988) (citation omitted). It is well-settled that the doctrine of laches applies "by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts impossible." ***Fulton v. Fulton***, 106 A.3d 127, 134 (Pa. Super. 2014). ***See also § 79:79. Laches, generally, 14 Standard Pennsylvania Practice 2d § 79:79*** ("It is clearly in the public interest that, at some ascertainable time, a party must be required to discover the full extent of his or her claim and to assert it in the courts so as to prevent the threat of litigation from hampering indefinitely the business of government or private parties.").

"[I]n order to prevail on an assertion of laches, respondents must establish: a) a delay arising from petitioner's failure to exercise due diligence; and b) prejudice to the respondents resulting from the delay." ***Sprague***,

- 6 -

*supra*, at 188 (citations omitted)*.* "[T]he sort of prejudice required to raise the defense of laches is some changed condition of the parties which occurs during the period of, and in reliance on, the delay." *Id*. The question of laches is factual and is determined by examining the circumstances of each case. *Id*. at 188 (citing *Leedom v. Thomas*, 373 A.2d 1329 (Pa. 1977)). Thus,

> The correct inquiry in determining whether [one's] conduct resulted in a want of due diligence is to focus not upon what the plaintiff knows, but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him[.] What the law requires of petitioner is to discover those facts which were discoverable through the exercise of reasonable diligence.

*Sprague*, *supra*, at 188 (citations and internally quotation marks omitted).

In the instant case, Appellant does not dispute that she was hospitalized in 1997. Rather, 20 years after the hospitalization, she disputes that a 302 commitment occurred and asserts that, if it did occur, it was not supported by sufficient evidence because she cannot ascertain if proper procedures were followed. *See* Appellant's Brief at 12-13. While the MHPA provides no statute of limitations in bringing a challenge to the sufficiency of the evidence supporting the commitment, it is reasonable to conclude that the passage of 20 years has "rendered the ascertainment of the exact facts impossible." *Fulton*, *supra*, at 135. Indeed, the letter Appellant submitted to the court from the Allegheny Department of Behavioral Health supports the conclusion

that Appellant's delay in seeking review has resulted in prejudice, not only to the Agency, but also to Appellant herself.

We conclude that Appellant is "guilty of want of due diligence in failing to promptly institute the action" seeking to expunge her record of commitment. **Sprague**, **supra**. Accordingly, the trial court did not abuse its discretion in denying expungement.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2018